# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ISREAL DONLEY,

               Petitioner,             :     Case No. 3:21-cv-101

    - vs -                           District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

WARDEN, Trumbull
  Correctional Institution,

                                 :
               Respondent.

---

# REPORT AND RECOMMENDATIONS

---

      This habeas corpus case, brought *pro se* by Petitioner Isreal Donley under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 11), and Return of Writ (ECF No. 12), and Petitioner's Traverse (ECF No. 16).


**Litigation History**


      A Montgomery County grand jury indicted Petitioner on April 14, 2014, on one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A) and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2). (Indictment, Case No. 2014 CR 01142, State Court Record ECF No. 11, Ex. 1). On July 17, 2014, the Montgomery County grand jury charged Donley with twenty-seven counts of having weapons while under disability in violation

of Ohio Rev. Code § 2923.13(A)(2) and (A)(3). *Id.*, Ex. 4. On November 6, 2014, the Montgomery County grand jury charged Donley with illegal conveyance of drugs of abuse onto the grounds of a detention facility in violation of Ohio Rev. Code § 2921.36(A)(2), possession of heroin in violation of Ohio Rev. Code § 2925.11(A), possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(2), and trafficking in heroin in violation of Ohio Rev. Code § 2925.03(A)(2). *Id.* Ex. 7.

In February 2015, a jury found Donley guilty on the charges of possession of cocaine and having weapons while under disability, based on the cocaine and weapon found in his vehicle (Verdict in Case No. 2014 CR 1142, State Court Record ECF No. 11, Ex. 17).

On March 9, 2015, Donley changed his pleas in his two remaining cases.  In Case No. 2014 CR 2391, Donley pled no contest to the twenty-seven counts of having weapons while under disability. The State agreed that the sentences would run concurrently with the sentence imposed in Case No. 2014 CR 1142. (Plea, State Court Record, ECF No. 11, Ex. 21). With respect to Case No. 2014 CR 3312, Donley pled guilty to illegal conveyance of drugs of abuse on the grounds of a detention facility. In exchange for the plea, the State dismissed the remaining four charges in that case. *Id.*, Ex. 24.

At sentencing on March 18, 2015, the trial court imposed ten years in prison for possession of cocaine and three years for having weapons while under disability, to be served concurrently. (Sentencing Entry, Case No. 2014 CR 01142; State Court Record, ECF No. 11, Ex. 25). In Case No. 2014 CR 2391, the trial court merged, as allied offenses of similar import, all 27 counts of having weapons while under disability, and imposed a single sentence of thirty-six months in prison, to be served concurrently with Case No. 2014 CR 1142. *Id.* Ex. 22. In Case No. 2014 CR 3312, the trial court imposed a sentence of thirty-six months in prison for illegal conveyance, to be served consecutively to the sentences imposed in two other cases.

With new counsel, Donley took a consolidated appeal to the Ohio Second District Court of Appeals. That court affirmed the convictions and sentences except for finding the weapons under disability count was supported by insufficient evidence. *State v. Donley*, 2017-Ohio-562 (2nd Dist. Feb. 17, 2017). Donley did not appeal to the Supreme Court of Ohio.

On April 20, 2017, Donley filed a *pro se* application for the reopening of his appeal pursuant to Ohio App. R. 26(B) based on allegations of ineffective assistance of appellate counsel (Application, State Court Record, ECF No. 11, Ex. 36). The Second District denied the Application on the merits. *Id.* at Ex. 37. Once again Donley did not appeal to the Supreme Court of Ohio.

In the original direct appeal, the Second District remanded for *nunc pro tunc* correction of various technical errors in the judgment entries. After that process was complete, Donley attempted to appeal again to the Second District, but was unable to obtain consideration on the merits and did not appeal to the Supreme Court of Ohio.

On May 10, 2019, Donley moved for a final appealable order in all three of his cases. (Motion, State Court Record, ECF No. 11, Ex.53) which the trial court denied. *Id.* at Ex. 54. Donley appealed and the Second District affirmed except for a remand to correct, *nunc pro tunc,* the term of post-release control (Opinion, State Court Record, ECF No. 11, Ex. 58), appellate jurisdiction declined, *State v. Donley,* 146 N.E.3d 587 (2020).

Donley filed his Petition in this case on March 8, 2021, pleading the following Grounds for Relief

> **Ground One**: Petitioner's 4th Amendment Right to be Free of Illegal Search and Seizure decision was contrary to federal law.
>
> **Supporting Facts:** Petitioner's vehicle was unconstitutionally searched by a private citizen at a public tow-yard without police supervision or direction - contrary to police procedures; suppression hearing was a sham hearing because it permitted the state to destroy

crucial evidence without consequences and reviewing court's decision was contrary to U.S. Supreme Court's decision regarding standardized procedures for searches.

**Ground Two**: Petitioner was denied his Sixth and Fourteenth Amendment Rights.

**Supporting Facts:** Appellate counsel argued a claim that was not supported by the record; state failed to disclose star witness's criminal histories in violation of due process.

**Ground Three**: Petitioner was denied due process when he was resentenced to a previously served void prison term in violation of double jeopardy rights.

**Supporting Facts:** Due process violation occurred when petitioner was resentenced through a nunc pro tunc entry despite the fact that petitioner has already served the void sentence.

**Ground Four:** Petitioner's consecutive sentence violate double jeopardy clause.

**Supporting Facts:** Petitioner's sentences violate the double jeopardy clause because they were not lawfully imposed. Specifically, the trial court did not provide the required reasons to support the findings necessary to impose consecutive sentences.

Petition ECF No. 1, Page ID 5-10.

# Analysis

## Ground One:  Conviction Based on Evidence Seized in Violation of the Fourth Amendment

In his First Ground for Relief, Donley claims evidence used to convict him was seized in violation of the Fourth Amendment.

Respondent asserts this claim is not cognizable in habeas corpus because it does not a claim on which habeas corpus relief can be granted (Return, ECF No. 12, PageID 1236, relying on *Stone*

*v. Powell*, 428 U.S. 465 (1976)).

Petitioner acknowledges the applicability of *Stone*, but contends it does not prevent merits review here: the state court opportunity to litigate the Fourth Amendment question was not full or fair because the State deliberately destroyed materially exculpatory video evidence (Traverse, ECF No. 16, PageID 1260, relying on *Arizona v. Youngblood*, 488 U.S. 51 (1988), and *California v. Trombetta,* 467 U.S. 479 (1984)). The Court cannot reach these interesting Fourth Amendment questions because Donley procedurally defaulted this claim.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural

> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id.*
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id.*

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

The State Court Record shows that Donley raised denial of his Motion to Suppress as an assignment of error on direct appeal and the Second District decided that claim on the merits. *State v. Donley, supra.* However, Donley did not appeal that decision to the Supreme Court of Ohio, which brings the claim within the second branch of *Lovins, supra.*

Failure to present an issue to the state supreme court on discretionary review constitutes

procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
>                   . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule: appeals from the Court of Appeals to the Ohio Supreme Court must be filed within forty-five days of the date of judgment in the appellate court. The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1)(a)(i) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). While Donley has not attempted to excuse the default, lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Because Donley committed an unexcused procedural default when he failed to appeal to the Supreme Court of Ohio on his Fourth Amendment claim, his First Ground for Relief should be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Appellate Counsel**

Donley claims he received ineffective assistance of appellate counsel when his appellate counsel "argued a claim that was not supported by the record; the state failed to disclose star witness's criminal histories in violation of due process." This claim is opaque as pleaded. From the Petition, the Court cannot tell if Donley is asserting two instances of ineffective assistance of appellate counsel, to wit, arguing an assignment of error not supported by the record and failing to argue the State failed to reveal evidence required to be produced by *Brady v. Maryland*, 373 U.S. 83 (1963). In his Traverse, however, he limits the claim to the asserted *Brady* violation (Traverse,

ECF No.16, PageID 1268) where he says "Petitioner does acknowledge that he did not previously raise the issue of the state's failure to disclose evidence."

Petitioner says he can excuse this acknowledged procedural default by showing his appellate counsel provided ineffective assistance by not raising the *Brady* claim (Traverse, ECF No.16, PageID 1268). Examining Donley's Brief on appeal confirms that this was not one of the twelve assignments of error pleaded (Brief, State Court Record, ECF No. 11, Ex. 33, PageID 128-30).

However, for ineffective assistance of appellate counsel to act as excusing cause for a procedural default, the ineffective assistance of appellate counsel claim must be presented to the state courts for decision in the first instance. *Edwards v. Carpenter*, 529 U.S. 446 (2000). If it was not and the opportunity to present it is no longer available, the ineffective assistance of appellate counsel claim itself is procedurally defaulted. *Edwards*.

Ohio provides application for reopening under Ohio App. R. 26(B) as the exclusive method for raising ineffective assistance of appellate counsel claims. Donley filed such an application, but failure to raise this *Brady* claim is not one of the omitted assignments of error (Application, State Court Record, ECF No. 11, Ex. 36). Ohio law does not allow for successive 26(B) applications. *State v. Twyford,* 106 Ohio St.3d 176 (2005). Because Donley did not raise this *Brady* claim as an omitted assignment of error in the only method allowed by Ohio law – a one-shot 26(B) application – ineffective assistance of appellate counsel is not available to excuse the default.

Donley's Second Ground for Relief should be dismissed as procedurally defaulted.


**Ground Three: Violation of Double Jeopardy Rights**


In his Third Ground for Relief, Donley claims his rights under the Double Jeopardy Clause

were violated "when he was resentenced to a previously served void prison term. . ." Despite being challenged in the Return to identify what sentence he is complaining, Donley replies that the State has all the case numbers and can figure it out for itself (Traverse, ECF No. 16, PageID 1271). It seems the least a habeas petitioner can do when he asks a court to vacate a conviction because it violates the Double Jeopardy Clause is to tell the Court what conviction he is complaining about.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

Donley appears to be claiming that he is being punished twice for the same offense, but he does not say which one. The Conclusion of Judge Froelich's opinion reads:

> {¶ 174} The trial court's judgment in Case No. 2014 CR 1142 will be affirmed with respect to Donley's conviction and sentence for possession of cocaine; Donley's conviction and sentence in that case for having weapons while under disability will be vacated.

> {¶ 175} The trial court's judgment in Case No. 2014 CR 2391 will be affirmed. The trial court is instructed to file a nunc pro tunc entry in Case No. 2014 CR 2391, correcting its judgment entry so that it reflects that Donley pled no contest in this case.

> {¶ 176} The trial court's judgment in Case No. 2014 CR 3312 will be affirmed. The trial court is instructed to file a nunc pro tunc entry in Case No. 2014 CR 3312, correcting its judgment entry so that it includes the trial court's consecutive sentencing findings.

*State v. Donley, supra*.  Both of these were technical corrections.  In 2014 CR 2391 the correction was to make the judgment conform to what happened in open court.  In 2014 CR 3312, it was to incorporate consecutive sentence findings already made into the same judgment entry as the sentence.  Neither of these changes affected any of Donley's substantive rights.  Neither was made to correct a "void" sentence.

If instead Donley is complaining about the trial court's incorrect imposition of post-release control in Case No. 2014 CR 2391, he has already received relief from that error when the Judge Adkins vacated that part of the judgment (Entry, State Court Record, ECF No. 11, Ex. 62). Respondent argues that if Donley is complaining about the imposition of post-release control in 2014 CR 2391, his claim is moot because the post-release control has been vacated.  Donley responds that the claim is not moot because there may be collateral consequences of a conviction even if the full term of imprisonment has been served.  While the Magistrate Judge agrees, Donley has not demonstrated that the underlying conviction in Case No. 2014 CR 2391 is void for any reason and in particular because of the Double Jeopardy Clause.

Ground Three should be dismissed on the merits.


**Ground Four:  Double Jeopardy Violation Arising from Consecutive Sentences**


In his Fourth Ground for Relief, Donley argues his consecutive sentences violate the Double Jeopardy Clause because they were not lawfully imposed.  To make that point he recites much of the history of consecutive sentencing in Ohio since *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  He concludes "[i]n this case, the record does not support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive

sentences; neither did it incorporate all of the necessary findings into its judgment entry." (Traverse, ECF No. 16, PageID 1280).

If it were correct that the trial court did not perform all the steps and document the results as required by Ohio Revised Code § 2929.14, that would not entitle Donley to relief.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  Donley has cited no case law holding that the failure of an Ohio judge to follow the statutes on consecutive sentencing violates any portion of the United States Constitution, including particularly the Double Jeopardy Clause.

The question of whether an Ohio trial court has performed the steps required by Ohio Revised Code § 2929.14(C)(4) is a question of Ohio criminal law, not federal constitutional law.   In remanding the case for entry of the corrected judgment entry *nunc pro tunc*, the Second District found the trial judge had made the required findings at the sentencing hearing.  *State v. Donley, supra,* at ¶ 172.  There is no constitutional basis suggested by Donley for nthis Court to interfere with that finding.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.