# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ISREAL DONLEY,

                Petitioner,                :      Case No. 3:21-cv-101

      - vs -                          District Judge Thomas M. Rose
                                                  Magistrate Judge Michael R. Merz

WARDEN, Trumbull
  Correctional Institution,

                                        :
                Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Isreal Donley under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 17). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 21).

Petitioner does not object to the Magistrate Judge's summary of the litigation history.

**Ground One**

In the Petition, Donley pleaded his First Ground for Relief as follows: "Petitioner's 4th Amendment Right to be Free of Illegal Search and Seizure decision was contrary to federal law" (Petition, ECF No. 1, PageID 5). In his Objections, he re-states the claim as follows: "Petitioner

1

was denied his due process rights when the Ohio appellate court applied an unreasonable application of U.S. Supreme Court precedent in regards to petitioner's constitutional right to be free of illegal search and seizure." (Objections, ECF No. 20, PageID 1303).

Donley raised his Fourth Amendment claim by a motion to suppress and appealed from the motion's denial.  The Second District Court of Appeals decided this claim on the merits, affirming denial of the motion to suppress.  *State v. Donley*, 2017-Ohio-562 (2nd Dist. Feb. 17, 2017). However, Donley did not appeal to the Supreme Court of Ohio and the Report concluded this defaulted the claim.  (Report, ECF No. 17, PageID 1288).

Petitioner objects that the Report "failed to consider Petitioner's cited Sixth Circuit precedents and the applicable U.S. Supreme Court precedents demonstrating that Petitioner meets the exception to the magistrate's above cited rule. The Magistrate's decision to ignore this substantial body of case law is objectively unreasonable."  (ECF No. 20, PageID 1303-04). Petitioner then cites *Granberrv v. Greer.* 481 U.S. 129, 134-135 (1987).  He then claims his failure to appeal was caused by ineffective assistance of appellate counsel, citing *See Lundgren v. Mitchell,* 440 F.3d 754, 766 (6th Cir. 2006) (citing *Willis v. Smith.* 351 F.3d 741,745 (6th Cir.2003)).

Donley presented no argument in his Traverse on his First Ground for Relief that discusses procedural default.[1]  However, in his Second Ground for Relief, he alleges he received ineffective assistance of appellate counsel and that excuses his procedural default.  In analyzing the Second Ground for Relief, the Report found that Donley had never claimed it was ineffective assistance of appellate counsel to omit his claim under *Brady v. Maryland*, 373 U.S. 83 (1963)(Report, ECF

---

[1] In opposing Respondent's non-cognizability argument as to Ground One, which was based on  *Stone v. Powell*, 428 U.S. 465 (1976), Donley misconstrues the defense to be based on issue preclusion by collateral estoppel under Ohio law (Traverse, ECF No. 16, PageID 1264-65).  The Warden made no such claim and the Report made no such finding.

2

No. 17, PageID 1291).

In his Ohio App. R. 26(B) Application, Donley pleaded the following as Assignments of

Error omitted by his appellate counsel:

> 1. Ineffective assistance of appellate counsel for failure to assign as error ineffective assistance of trial counsel for their failure to suppress unlawfully seized evidence of drugs found in the gas tank of Appellant's wife['s] SUV without lawful warrant.
>
> 2. Ineffective assistance of appellate counsel for failure to assign as error upon direct appeal, that (1) upon the face of the purported no-contest plea defendant-appellant did not withdraw his former plea of not guilty, (2) leave by the trial court was not given to have accepted the no-contest plea, (3) the trial court did not find appellant guilty of any offense contained in the indictment, information, or complaint, and (4) Crim. R. 11(c) was not complied with by the trial court to which all of the above has deprived the defendant-appellant procedural due process under the Fourtenth [sic] Amendment to the United States Constitution and Article 1, Section Sixteen of the Ohio Constitution.
>
> 3. Ineffective assistance of appellate counsel for failure to assign as error that Juddge [sic] Singer was not authorized and lacked authority to preside over the second suppression hearing in the absence of a filed recusal of the assigned Judge Adkins and Judge Adkins lacked authority to have rendered a decision to have overruled the appellant's motion to suppress in Case No. 2014 cr2391 in the abence [sic] of not presiding over said second suppression hearing.

(Application, State Court Record, ECF No. 11, Ex. 36).

Plainly, none of these omitted assignments of error has anything to do with appealing to

the Ohio Supreme Court on direct appeal.  That is to say, Donley never asked the court of appeals

to decide the claim he now makes that his failure to appeal to the Ohio Supreme Court is somehow

excused because it was caused by ineffective assistance of appellate counsel.  Before a habeas

petitioner can rely on ineffective assistance of appellate counsel to excuse a procedural default, he

must submit that ineffective assistance of appellate counsel claim to the state courts in the manner

3

prescribed by state law for presenting such claims. Failure to do so forfeits the ineffective assistance of appellate counsel claim, whether relied on directly for relief or to excuse procedural default of another claim. *Edwards v. Carpenter*, 529 U.S. 446 (2000). In Ohio that is exclusively by an application to reopen under App. R. 26(B) which may be filed only once. Because Donley omitted this particular ineffective assistance of appellate counsel claim from his 26(B) Application, it is forfeited and he has no cause to excuse his failure to appeal his First Ground for Relief to the Ohio Supreme Court.

The case law relied on by Petitioner is not to the contrary. *Granberry v. Greer*, 481 U.S. 129 (1987), addressed the exhaustion doctrine and held that it was not jurisdictional. Although the *Granberry* Court stated that the exhaustion and procedural default doctrines were both grounded in comity and federalism concerns, it did not suggest a habeas court could disregard settled law on procedural default because it weighed the comity concerns differently than the precedential cases had. *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006), merely reiterates the general principle that constitutionally ineffective assistance of counsel can excuse a procedural default. It does not contradict the requirement in *Edwards* that ineffective assistance of appellate counsel claims, in order to act as an excuse, must be raised first in the way state law requires.

The Magistrate Judge remains persuaded that Ground One is procedurally defaulted without excuse.

**Ground Two: Ineffective Assistance of Appellate Counsel: Failure to Raise *Brady* Claim**

In his Second Ground for Relief, Donley claims he received ineffective assistance of appellate counsel when his appellate attorney failed to raise a claim under *Brady v. Maryland*, 373

U.S. 83 (1963).  The Report found this Ground procedurally defaulted on the same basis as Ground

One:  it was not raised on direct appeal and Donley's claim that failure to do so was excused by

ineffective assistance of appellate counsel was itself procedurally defaulted (Report, ECF No. 17,

PageID 1290-91).

Donley's Objections cite general propositions of law about ineffective assistance, but he

says nothing in response to the Report's conclusion, reiterated above as to Ground One, that

ineffective assistance of appellate counsel will excuse a procedural default only if that ineffective

assistance of appellate counsel claim was properly presented to the state courts.  *Edwards, supra.*

As the Report notes, omission of a *Brady* claim is not one of the omitted assignments of error in

Donley's 26(B) Application.  Therefore Ground Two is procedurally defaulted on the same basis

as Ground One.


**Ground Three:  Violation of Double Jeopardy Rights**


In his Third Ground for Relief, Donley claimed his rights under the Double Jeopardy

Clause were violated "when he was resentenced to a previously served void prison term. . ."

(Report, ECF No. 17, PageID 1290-91, quoting Petition, ECF No. 1, PageID 8).  The Report

expressed confusion about which conviction Donley was complaining about, but concluded the

claim was meritless in any event (ECF No. 17, PageID 1291).

The Second District Court of Appeals reviewed Donley's case several times.  In its first

decision on February 17, 2017, it found errors which it corrected itself or ordered the trial judge to

correct by *nunc pro tunc* entries:

> ¶ 174 The trial court's judgment in Case No. 2014 CR 1142 will be
> affirmed with respect to Donley's conviction and sentence for

possession of cocaine; Donley's conviction and sentence in that case for having weapons while under disability will be vacated.

¶ 175 The trial court's judgment in Case No. 2014 CR 2391 will be affirmed.  The trial court is instructed to file a *nunc pro tunc* entry in Case No. 2014 CR 2391, correcting its judgment entry so that it reflects that Donley pled no contest in this case.

¶ 176 The trial court's judgment in Case No. 2014 CR 3312 will be affirmed. The trial court is instructed to file a *nunc pro tunc* entry in Case No. 2014 CR 3312, correcting its judgment entry so that it includes the trial court's consecutive sentencing findings.

*State v. Donley*, 2017-Ohio-562 (2nd Dist. Feb. 17, 2017).

Three years later the case was again before the Second District on Donley's appeal from denial of a motion for the trial court to enter a final appealable order in each of his three trial court cases.  The Second District decided that the trial court had incorrectly advised him of the terms of post-release control he would be required to serve in two of the three cases:

¶ 11 The trial court then orally advised Donley that, on all of his remaining charges in Case Nos. 2014-CR-2391 and 2014-CR-3312, his post-release control "will be a three-year period of time that you *might* be required to serve." (Emphasis added.) Tr. 555. Pursuant to R.C. 2967.28(C), post-release control for Donley's third degree felony convictions in Case Nos. 2014-CR-2391 and 2014-CR-3312 "include[d] a requirement that the offender be subject to a period of post-release control of up to three years." (Emphasis added.) *Id.* Accordingly, we find, and the State concedes, that because the trial court misstated the post-release control sanction in Case Nos. 2014-CR-2391 and 2014-CR-3312, that portion of the sentences is void, and Donley is entitled to limited relief. See *State v. Florence,* 2d Dist. Montgomery No. 28075, 2019-Ohio-4365, ¶ 11.

¶ 12 However, "once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of post-release control as a sanction for a particular offense after the defendant has already served the prison term for that offense. Although it is true that some other sanctions (such as restitution)

6

may yet be outstanding, a sentence served is a sentence completed."
*Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18.

¶ 13 As previously stated, Donley's 36-month sentence in Case No. 2014-CR-2391 was ordered to .be served concurrently to his ten-year sentence in Case No. 2014-CR-1142. The trial court imposed the sentences on March 18, 2015. Therefore, Donley's 36-month sentence in Case No. 2014-CR-2391 has been completed, and the trial court no longer has jurisdiction to impose a correct term of post-release control. See *State v. Johnston,*2d Dist. Montgomery No. 26620, 2015-Ohio-4716, ¶ 17. Simply put, since Donley has served the entire sentence for his having weapons while under disability convictions in Case No. 2014-CR-2391, the only remedy available is to vacate the portion of the sentence imposing post-release control. *See State v. Taylor,* 2d Dist. Montgomery No. 26500, 2015-Ohio-3510, ¶13 (citing *Holdcroft,* we found that the court's error in imposing post-release control rendered only that portion of appellant's sentences for felonious assault void; the court corrected the error by issuing nunc pro tunc entries vacating the prior sentences of post-release control, because appellant had already served the sentences imposed for those offenses). Thus, we direct the trial court to issue an entry in Case No. 2014-CR-2391 vacating the portion of Donley's sentence imposing post-release control.

¶ 14 Notably, the trial court ordered that Donley's sentence in Case No. 2014- CR-3312 be served consecutively to his ten-year sentence in Case No. 2014-CR-1142. Thus, Donley has not yet served his sentence for illegal conveyance in Case No. 2014-CR-3312. Therefore we direct the trial court to enter a nunc pro tunc entry imposing the correct term of post-release control of "up to three years" pursuant to RC. 2967.28(C) in Case No. 2014-CR-3312, which will be served concurrently with the five-year term of post-release control imposed in Case No. 2014-CR-1142. R.C. 2967.28(F)(4)(c); *see Durain v. Sheldon,* 122 Ohio St.3d 582, 2009-Ohio-4082, 913 N.E.2d 442, ¶ 1.

*State v. Donley,* 2020-Ohio-391 (Ohio App. 2d Dist. Feb. 7, 2020).  Thereafter on April 17, 2020,

Judge Adkins entered an order doing precisely what the Second District had ordered him to do:

vacating the post-release control portion of the judgment in 2014-CR-2391 (Entry and Order

Vacating Post-release Control, State Court Record, ECF No. 11, Ex. 62).

The Report agreed with the Respondent that, to the extent Donley was complaining of the erroneous imposition of post-release control in 2014-CR-2391, his claim was moot because that erroneous imposition had been cured by Judge Adkins' Entry (Report, ECF No. 17, PageID 1293).

Donley objects "The case is not moot and Petitioner's substantive rights are affected due to the collateral legal consequences that remain if the decision is permitted to stand." (Objections, ECF No. 20, PageID 1308). But Donley does not even begin to suggest what those collateral legal consequences may be. First of all, the post-release portion of the judgment has not been allowed to stand; the Second District ordered Judge Adkins to vacate it and he did so. There are no legal consequences, collateral or otherwise, of a sentence to post-release control which has been vacated before even a day of it is served.

Donley acknowledges *St. Pierre v. United States,* 319 U.S. 41 (1943), where the Supreme Court held that complete service of a sentence for criminal contempt rendered moot St. Pierre's challenge to the contempt conviction (Objections, ECF No. 20, PageID 1308). However, he claims he comes within exceptions to the *St. Pierre* doctrine announced in later cases, particularly citing *Carafas v. LaVallee*, 391 U.S. 234 (1968), where the Supreme Court held that a habeas petition, filed while a person is in custody, does not become moot upon release if there are collateral consequences of the conviction. But *Carafas* has no application here. Being on post-release control is a form of custody which can be challenged in habeas. But Donley was never on post-release control in the relevant case, the post-release portion of the judgment has been vacated, and Donley is at no risk of suffering any direct consequence of the post-release portion of the judgment (i.e., he can never be placed on post-release control under that judgment) and he has identified no possible collateral consequences.

The Magistrate Judge remains persuaded that Ground Three is moot and should be

8

dismissed.

**Ground Four: Double Jeopardy Violation Arising from Consecutive Sentences**

In his Fourth Ground for Relief, Donley argues his consecutive sentences violate the Double Jeopardy Clause because they were not lawfully imposed. The Report concluded that the question whether Judge Adkins had followed Ohio Revised Code § 2929.14 in imposing consecutive sentence was a question of state law on which this Court is bound by the conclusion of the Second District that the trial judge did follow the statute (Report, ECF No. 17, PageID 1293-94).

Donley notes that the Report found "Donley has cited no case law holding that the failure of an Ohio judge to follow the statutes on consecutive sentencing violates any portion of the United States Constitution, including particularly the Double Jeopardy Clause." (Objections, ECF No. 20, PageID 1309). Admitting he cited no authority, Donley objects that [h]e unfortunately thought it was well-settled law that judges were required to follow the law as written . . ." *Id.* at PageID 1310. All judges are of course ethically and legally bound to follow the law, whether statutory or case law. But a state judge's failure to follow state law does not make the resulting decision unconstitutional. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

On the issue of consecutive sentences, the Second District found that Judge Adkins had followed Ohio law in making the required findings to support consecutive sentences, but had not embodied those findings in the judgment entry and remanded for compliance with that aspect of Ohio law. *Donley, supra,* at ¶ 176. Donley objects that a judicial decision does not become correct

9

just because one trial judge and three appellate judges agree (Objections, ECF No. 20, PageID 1320).  That is of course true.  But the conclusion of these four judges on the application of the Ohio law of consecutive sentencing is a question of Ohio law which this Court may not reexamine. Habeas corpus is available only to remedy federal constitutional violations, not violations of state law.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  Donley's assertion that his consecutive sentences violate the Double Jeopardy Clause is just that, a mere assertion. He offers no Supreme Court law to support his claim.

**Conclusion**

Having reconsidered the Report as ordered, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 8, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.